**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**



FILED

OCT – 1 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**JAMES P. DONNEL,**

     **Plaintiff,**

v.

**BARCLAYS BANK DELAWARE,**
d/b/a **US Airways Mastercard Services**
**and Barclay Card**

     **Defendant.**

CASE NO.:   4: 09cv 131

## COMPLAINT

COMES NOW the Plaintiff, James P. Donnel, and alleges the following claim against

Barclays Bank Delaware:

1.     This action is brought under the Telephone Consumer Protection Act of 1991

(TCPA), 47 U.S.C. §227, et seq, to recover statutory damages of $500.00 per call, trebled to

$1,500.00 per call, or actual monetary losses in excess of $75,000.00, whichever is greater, for 54

non-emergency calls made with an automatic telephone dialing system or an artificial or

prerecorded voice to Plaintiff's cellular telephone number without Plaintiff's prior express

consent.

### Jurisdiction and Venue

2.     This Court has diversity jurisdiction under 28 U.S.C. §1332 as Plaintiff is a

citizen of Virginia, and Defendant is a "citizen" of Delaware.

3.     Not only are the parties citizens of different states, but Plaintiff seeks $1,500.00

for each of 54 telephone calls.  As a result, the amount in controversy is $81,000.00 which

exceeds $75,000.00, exclusive of interest and costs.

4.     Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendant victimized Plaintiff on his cellular telephone in Hampton, Virginia where Plaintiff lives and works. Also, Defendant is doing business in Hampton.

### Parties

5.     James P. Donnel (hereinafter "Donnel") is a citizen of the Commonwealth of Virginia and a resident of the City of Hampton.

6.     Barclays Bank Delaware (hereinafter "Barclays") is located at 100 SW Street, Wilmington, Delaware 19801. It is trading as Barclay Card and US Airways Mastercard Services.

7.     Defendant is a corporation organized under the laws of Delaware and has its principle place of business in Delaware.

### Facts

8.     Plaintiff applied for a US Airways Mastercard in 2006.  That card was issued and underwritten by Barclays.

9.     Barclays issued Plaintiff a credit card ending in number 7045.

10.     Subsequently, Plaintiff reported the credit card was lost, stolen or fraudulently used, and Barclays issued a new credit card to Plaintiff ending in number 1551.

11.     Subsequently, Barclays billed Plaintiff for charges he did not incur on the credit card, and reported him late on his account concerning charges he did not incur.

12.     When the subject US Airways Mastercard account went into default as a result of unauthorized charges, Barclays informed Experian, TransUnion and Equifax that the subject account was late.

13.     Subsequently, notwithstanding Plaintiff's dispute and Barclays' knowledge of the

fraudulent charges on the account, Barclays verified the balance due to Experian, TransUnion and Equifax.

14.     Barclays and its representatives called Plaintiff a number of times in the fall of 2008 to demand payment of the card balance, and used an automatic telephone dialing system or an artificial or prerecorded voice to make the calls.

15.     On October 22, 2008 Plaintiff informed Barclays not to call him in a letter to US Airways Mastercard Services, P.O. Box 8802, Wilmington, DE 19899-8802. Barclays' representative signed for the certified letter on November 8, 2008.

16.     Notwithstanding Plaintiff's demand, Barclays, using an automatic telephone dialing system or an artificial or prerecorded voice, thereafter called Plaintiff's cell phone number at least 54 times during the period November 9, 2008 through January 2, 2009.

17.     Defendant was aware of the TCPA as demonstrated in part because it limited the calls to the period between 8:00 am and 9:00 pm as required by the Act.

18.     Also, each of the calls in question was made for a commercial purpose, that is, to collect on a debt and made with an automatic telephone dialing system or prerecorded or artificial voice, or both.

19.     The TCPA provides damages of $500.00 for each unauthorized call to a cell phone using an automatic telephone dialing system or an artificial or prerecorded voice. Attached as **Exhibit A** is a list of the calls by date and time placed by Defendant to Plaintiff's cell phone number.

20.     Barclays never had any prior, express consent of Plaintiff to call him on his cellular telephone to demand payment from him of the disputed debt.

3

21.    When a live person eventually participated in some of the subject phone calls, Plaintiff requested that no more calls be made to no avail.

22.    Pursuant to 47 U.S.C.A. §227(b)(3)(B), Plaintiff is entitled to recover for actual monetary loss from such a violation, or to receive $500.00 in damages for each such violation, whichever is greater.

23.    Moreover, pursuant to the same sub-section, if the Court finds that Defendant willfully or knowingly violated this sub-section or the regulations prescribed under this sub-section, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under sub-section (B) of this paragraph.

24.    In the alternative to the statutory and liquidated damages of $500.00 to $1,500.00 per violation, Plaintiff moves the Court for his actual monetary loss from the violations for damages in excess of $75,000.00, assuming these damages are greater than the statutory damages awarded.

25.    Defendant's actions were willful and knowing as demonstrated by the timing of the calls, their frequency, their purpose, and the mammoth size of and resulting knowledge of and experience with the TCPA by Defendant.

26.    Accordingly, Plaintiff seeks $1,500.00 in damages for each of the 54 telephone calls, or a total of $81,000.00.

WHEREFORE, Plaintiff moves the Court for judgment and an award of immediate execution against Barclays in the amount of $81,000.00, his costs, and such other relief as the Court finds just and appropriate.

TRIAL BY JURY IS DEMANDED.

4

**JAMES P. DONNEL**

Date: _9/29/09_     By: _Chukkes Colt North_

Of Counsel

Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax:   (757) 873-8375
Email: cnorthlaw@aol.com